PER CURIAM.
Appellants’ affirmative defenses and counterclaim set forth defenses or claims which, if capable of proof, would constitute at least a partial defense or basis for relief from the claims made by the plaintiff-ap-pellee. The record before the trial court, including the affidavit filed by appellee in support of its motion for summary judgment was inadequate to establish any but the most basic facts concerning this litigation, offering no enlightenment as to the details of or the elements of the breach and damages sought, other than the most “bare bones” facts appearing on the face of the pleadings themselves. Thus, the “summary judgment” amounts in effect to a judgment on the pleadings.
While we may agree that appellant displayed a somewhat less than energetic defense posture in the court below, we cannot condone the entry of a summary judgment *213 on the meager showing of the appellee reflected in this file. Neither the various motions filed by appellee nor the trial court’s judgment enlighten us as to the factual or legal basis for summary disposition of this case, so that we are left to grapple almost totally with the contradictory arguments of counsel in an effort to ferret out the dispositive issues. Furthermore, on appeal, appellee fails to respond to appellants’ references to case law facially supporting certain of their essential arguments. We decline to exercise the privilege of elaborating on various legal theories upon which the action below might or might not be justified. To do otherwise would place this court in the position of offering advisory legal opinions on virtually innumerable points of law that could conceivably be of some or no interest or assistance to counsel or the court below.
We therefore reverse the orders striking appellants’ defenses and dismissing their counterclaim, and the summary final judgment, and remand this cause for further proceedings.
MILLS, SMITH and THOMPSON, JJ., concur.